UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER ANDREW CANALAS,

        Petitioner,        Case No. 22-11811

v.        HON. MARK A. GOLDSMITH

DANIEL LESATZ,

        Respondent,
_____/

## OPINION & ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (Dkt. 3)

    Petitioner Christopher Andrew Canalas, who is incarcerated at the Baraga Correctional Facility in Baraga, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for torture, unarmed robbery, unlawful imprisonment, assault with intent to do great bodily harm, felonious assault, and assault and battery.  Petitioner filed a motion for the appointment of counsel (Dkt. 3).  For the reasons stated below, the Court denies the motion without prejudice.

    There is no constitutional right to counsel in habeas proceedings.  Cobas v. Burgess, 306 F. 3d 441, 444 (6th Cir. 2002).  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require.  Mira v. Marshall, 806 F. 2d 636, 638 (6th Cir. 1986).  "Habeas corpus is an extraordinary remedy for unusual cases," and, therefore, the appointment of counsel is required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, could not obtain a lawyer on his own, and would have a reasonable chance of winning with the assistance of counsel.  See Thirkield v. Pitcher, 199 F. Supp. 2d 637,

653 (E.D. Mich. 2002). Counsel may be appointed, in exceptional cases, for a prisoner appearing pro se in a habeas action. Lemeshko v. Wrona, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

      Petitioner filed a petition for writ of habeas corpus, in which he raises four claims for relief. Petitioner has also filed a 36-page brief in support of the petition for writ of habeas corpus. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until the State of Michigan files its answer and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the Court determines that, at this time, the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

      The Court denies the motion without prejudice. Petitioner may renew his motion for the appointment of counsel within 21 days after Respondent's answer is filed.

      SO ORDERED.

Dated: February 22, 2023       s/Mark A. Goldsmith
    Detroit, Michigan       MARK A. GOLDSMITH
                          United States District Judge

653 (E.D. Mich. 2002). Counsel may be appointed, in exceptional cases, for a prisoner appearing pro se in a habeas action. Lemeshko v. Wrona, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

      Petitioner filed a petition for writ of habeas corpus, in which he raises four claims for relief. Petitioner has also filed a 36-page brief in support of the petition for writ of habeas corpus. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until the State of Michigan files its answer and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the Court determines that, at this time, the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

      The Court denies the motion without prejudice. Petitioner may renew his motion for the appointment of counsel within 21 days after Respondent's answer is filed.

      SO ORDERED.

Dated: February 22, 2023       s/Mark A. Goldsmith
    Detroit, Michigan       MARK A. GOLDSMITH
                          United States District Judge